IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARIS QUATRO,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>TEHACHAPI UNIFIED SCHOOL DISTRICT,<br><br>　　　　　Defendant. | CASE: 1:16–CV–01213–DWM<br><br>ORDER |

On December 8, 2016, the parties were ordered to file additional stipulated facts on or before December 16, 2016. (Doc. 18.) On December 16, 2016, the plaintiff filed a declaration outlining failed communication between the parties in lieu of the required stipulated facts with the assurance that the required document would be filed on December 19. (Doc. 19.) It was not. On December 20, 2016, an order was issued requiring the defendant to show cause why the plaintiff's facts, as were provided in the pretrial statement, should not be adopted by the Court. (Doc. 20.) In response to that order, the defendant requested additional time to provide stipulated facts. (Doc. 21.) The defendant's request was granted, and the parties

1

were given until January 2, 2017, to file their additional stipulated facts. (Doc. 22.) On January 2, instead of filing stipulated facts, the defendant filed "Defendant's Additional Stipulated [sic] of Facts; Declaration of Kathleen R. Lamay," indicating that the plaintiff "would review them the following day." (Doc. 23.)

A "stipulation" is defined as "[a] voluntary agreement between opposing parties concerning some relevant point." *Black's Law Dict.* 1551 (West, 9th ed. 2009). The defendant's filing of facts that have not been agreed upon—much less reviewed—by the other party is not a stipulation. The parties have therefore failed to comply for a second time with this Court's order. As this is an attorneys' fees case, there are underlying facts that cannot be reasonably disputed and no rationale why the parties are unable to confer to produce a list of those facts. The time and effort it has taken to produce, as yet unsuccessfully, an undisputed list of facts has no possible effect except to drive up the cost of this litigation, to the detriment of defense counsel's client. The parties and counsel are abdicating their responsibility under the Federal Rules of Civil Procedure to help "secure the just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1; *see also* Fed. R. Civ. P. 16.

Accordingly, IT IS ORDERED that the parties shall file the requisite list of

additional *stipulated* facts on or before January 9, 2017.  The failure to do so will result in this matter being set for hearing and the possible imposition of sanctions. Fed. R. Civ. P. 16(f)(1)(C).

    Dated this 5th day of January, 2017.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT