IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS QUATRO,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>TEHACHAPI UNIFIED SCHOOL DISTRICT,<br><br>　　　　　Defendant. | Cause No. 1:16-cv-01213-DWM<br><br><br>ORDER |

Plaintiff Chris Quatro is entitled to $177,144.25 in fees and $2,988.70 in costs pursuant to the Individuals with Disabilities Education Act ("IDEA"). Defendant Tehachapi Unified School District has yet to pay. As a result, on February 18, 2020, Plaintiff filed a motion to enforce the payment of attorneys' fees and costs consistent with the May 11, 2017 judgment entered in this case. (Doc. 72.) On March 4, 2020, Defendant Tehachapi Unified School District ("Tehachapi") filed a brief in opposition. (Doc. 77.) On March 11, Plaintiff filed a reply. (Doc. 79.) A hearing was held via teleconference on March 18.

1

## BACKGROUND

On January 19, 2016, the Office of Administrative Hearings ("OAH") decided the case of *R.Q. v. Tehachapi Unified School District*, Case No: 2015120968. (Doc. 72-1.) The OAH determined that R.Q. was a prevailing party pursuant to the IDEA, which entitled R.Q. to attorneys' fees and costs. (*Id.*) Plaintiff filed this action to recover those fees and costs on August 16, 2016. (Doc. 1); 20 U.S.C. § 1415(i)(3)(B). On May 11, 2017, following a bench trial, Plaintiff was awarded $135,876.75 in fees and $2,805.00 in costs. (*See* Doc. 52.) Judgment was entered that same date. (*Id.*) On June 8, 2017, Tehachapi appealed. (Doc. 60.) The Ninth Circuit affirmed the fee award on November 19, 2018, (Doc. 66), and issued its mandate on December 11, 2018, which included a cost award of $183.70, (Doc. 68). On January 8, 2019, the Ninth Circuit awarded Plaintiff an additional $41,267.50 in fees. (Doc. 69.) Since that date, Plaintiff has unsuccessfully sought to recover the monies owed, and Tehachapi has literally done nothing but stall, ignoring its obligations under state and federal law, as well as the Court's judgment and mandate.

## LEGAL STANDARD

Pursuant to Rule 69 of the Federal Rules of Civil Procedure, enforcement of the judgment in this case must proceed according to California law. Because Tehachapi is a local public entity, its payment of the judgment is governed by the

California Government Code, §§ 970.1–971.2. *Barkley v. City of Blue Lake*, 18 Cal. App. 4th 1745, 1750 (1993). Section 970.4 directs the local public entity to pay the money judgment in the year it becomes final to the extent that funds are available. But, if the funds are not available, the entity must pay the judgment in the next fiscal year, § 970.5, or, with permission from the Court, in installments over the next ten years, § 970.6. The local public entity must include in its budget a provision to repay all judgments. *See* § 970.8. In sum, California law expressly and specifically requires a local public entity to promptly pay the full amount of any judgment, with interest. Section 970.2 provides that "[a] writ of mandate is an appropriate remedy to compel" such compliance. Accordingly, Plaintiff's motion to enforce is construed as a request for issuance of a writ of mandate.

## ANALYSIS

### A. Payment of Judgments

This Court's judgment on the fees award became final on December 11, 2018, when the Ninth Circuit issued its mandate. (*See* Doc. 68.) Both that judgment and the Ninth Circuit's January 8, 2019 fee award, (*see* Doc. 69), therefore became final in the 2018/2019 fiscal year. Accordingly, Tehachapi was required to pay the judgment by June 30, 2019. Cal. Gov. Code § 970.4. It did not do so. Even assuming the funds were not available that year or that some delay can be attributed to an unsuccessful settlement attempt (neither assumption,

however, is well-deserved), Tehachapi is required to pay the judgment by June 30, 2020. *See* Cal. Gov. Code § 970.5.

Tehachapi's arguments regarding the reasonableness of any delay are rejected as unpersuasive and not credible. For example, the Court is troubled that Tehachapi explicitly indicated that the payment of these judgments would be addressed at the March 10 board meeting, (*see* Doc. 77 at 2), but then stated at the March 18 hearing that the Board was merely told the payments were still unresolved. It is therefore unclear whether the Board has directly addressed the payment at issue in this case. While exhibits submitted by Plaintiff indicate that the Board held closed sessions related to this case, the Board's designated representative at the March 18 conference indicated she was not privy to those sessions. The Court therefore remains unconvinced that Tehachapi is fulfilling its legal obligations in good faith. Whether the Board is relying on sound and accurate legal advice is an unanswered issue. A writ of mandate is therefore necessary. Cal. Code Civ. P. § 1085(a).

### B. Prejudgment Interest

Plaintiff seeks prejudgment interest. (Doc. 72 at 12–13.) Because prejudgment interest was not originally awarded in the May 11, 2017 judgment, it will not be awarded now.

### C. Post-judgment Interest

Plaintiff further seeks post-judgment interest. (Doc. 72 at 13–15.) Post-judgment interest on district court judgments is mandatory, *Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 290 (9th Cir. 1995), including for fee awards under the IDEA, *Gera v. Paramount Unified Sch. Dist.*, 173 F.3d 860, *2 (9th Cir. Mar. 25, 1999) (unpublished). Accordingly, Plaintiff is entitled to interest on attorneys' fees under 28 U.S.C. § 1961 accruing from May 11, 2017—the date this Court entered judgment on the award of fees and costs—through the date payment is made. It is therefore worth noting that everyday that Tehachapi fails to pay the judgments owed under the law costs taxpayers and their children unnecessary money.

### CONCLUSION

Based on the foregoing, IT IS ORDERED that:

(1) Tehachapi shall pay the awarded attorneys' fees and costs, including post-judgment interest, no later than June 30, 2020, as required by Cal. Gov. Code § 970.5;

(2) Plaintiff shall submit a proposed daily interest calculation on or before March 20, 2020. Tehachapi may file objections to the method of calculation, if any, on or before March 27, 2020. Such objections must include alternative calculations.

(3) A writ of mandate requiring full payment is ISSUED but held in abeyance until July 1, 2020.

**The failure to comply will result in an order to show cause why the individual board members should not be held in contempt.**

DATED this 19th day of March, 2020.

_____
Donald W. Molloy, District Judge
United States District Court