IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS QUATRO,<br><br>              Plaintiff,<br><br>vs.<br><br>TEHACHAPI UNIFIED SCHOOL DISTRICT,<br><br>              Defendant. | Cause No. 1:16-cv-01213-DWM<br><br>ORDER |

On March 19, 2020, this Court granted Plaintiff's motion to enforce judgment in her attorneys' fees case against the Tehachapi School District. (Doc. 82.) Plaintiff now seeks attorneys' fees incurred litigating that motion. (Doc. 87.) Plaintiff's request is granted in part.

In any action or proceeding brought under the Individuals with Disabilities Education Act ("IDEA"), "the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I); *see also Abu-Sahyun v. Palo Alto Unified Sch. Dist.*, 843 F.2d 1250, 1252 (9th Cir. 1988) (explaining that such awards are not really discretionary). And, a "court may award additional fees for time reasonably devoted to obtaining attorneys fees." *Wright v. Dist. of Columbia*, 883 F. Supp. 2d 132, 134 (D.D.C. 2012) (internal quotation marks

1

omitted); *see also T.B. v. San Diego Unified Sch. Dist.*, 293 F. Supp. 3d 1177, 1195 (S.D. Cal. 2018). Here, the parties do not dispute that Plaintiff is the prevailing party and Judge Thurston made the same determination in counsel's companion case. *See Wright v. Tehachapi*, 1:16-cv-1214-JLT, Doc. 82 (E.D. Cal., Apr. 24, 2020). Thus, a fee award is appropriate.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Aguirre v. L.A. Unified Sch. Dist.*, 461 F.3d 1114, 1117–18 (9th Cir. 2006) (applying *Hensley* to IDEA case). This figure is known as the "lodestar" and is presumed to be reasonable. *Hensley*, 461 U.S. at 433. However, the prevailing party must submit documentary evidence detailing the number of hours spent and supporting the requested hourly rate. *Id.*

**A.  Rate**

Counsel's rate of $500 per hour has been approved by other courts, *see Cortes v. Kern Cty. Super. of Schs.*, 2019 WL 4013602, at *3 (E.D. Cal. Aug. 26, 2019) (collecting cases), and was mostly recently accepted in her companion case before this Court, *Wright*, 1:16-cv-1214-JLT, Doc. 82. Moreover, the School District does not dispute her rate. That rate is therefore accepted for the purposes of the present fee award.

### B. Hours

The School District argues that counsel should not get fees for (1) work related to the mediation in front of Judge Larson; (2) requests for fees-on-fees-on-fees; (3) "duplicate" work that was also billed in the *Wright* case; (4) clerical work. (*See* Doc. 91.)  Given the issues in the case and the amounts now awarded in *Wright*, a reduction of $8,350.00 is warranted.

First, those entries related to the mediation in front of Judge Larson (total of 4.1 hours) were, as Plaintiff vigorously argued to this Court, unrelated to the fees award in this case.  While it appears counsel recognized that at least some of this time could not be billed here, (*see* Doc. 87-1 at 2 (counsel zeroing out some entries on December 21, 2018)), a reduction of 3.9 hours, or $1,950.00, is warranted.

Second, even though other courts have determined that fees-on-fees-on-fees can be appropriately awarded, Plaintiffs' request for compensation in drafting the present motion goes one step too far.  Counsel is entitled to fees on her motion for enforcement, not to fees on her motion for fees on her motion for enforcement.  An additional $1,100.00 reduction is therefore appropriate to account for the 2.2 hours spent drafting the current motion.

Third, counsel's entries reflect duplicates across this case and *Wright*. Counsel's argument that she split her time between the two actions is belied by the entries themselves.  For example, on January 28, 2019, counsel spent 1.7 hours on

the following: "research re KCSOS and TUSD arrangement for pooling funds (.7); researching 9th Circuit and Statutory framework for collecting fee judgements[sic] (1)." (*See* Doc. 87-1 at 3.) But she bills for that 1.7 hours, including the specific assignment of time, in both cases. Because counsel has already been compensated for her duplicate time in the *Wright* case, a reduction of 10.7 hours, or $5,300.00,[1] is warranted.

Finally, no reduction is warranted to account for clerical tasks. Counsel's time entries indicate she already zeroed out a number of services, including those specifically identified by the School District. (*See* Doc. 97-1 at 7 (indicating Natalie Cummings performed 0.10 hours of work at a rate of *$0.00*).)

### C. Conclusion

Accordingly, IT IS ORDERED that Plaintiff's motion (Doc. 87) is GRANTED in PART. Plaintiff is awarded $10,142.50 in fees.

DATED this __28th__ day of April, 2020.

                                      15:30 MDT
                           Donald W. Molloy, District Judge
                           United States District Court

---

[1] Although an hourly rate of $500 times 10.7 hours equals $5,350.00, there is an entry on page 2 where counsel billed at a rate of $0.00 for 0.10 hours. (*See* Doc. 87-1 at 2.)